IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

| | |
|---|---|
| MAX'IS CREATIONS INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CASE NO.: 0:22-cv-60767-RAR |
| JD.COM, INC. D/B/A JOYBUY AND JOYBUY EXPRESS | ) ) ) ) |
| Defendant. | ) ) ) |

**DEFENDANT'S MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW
[F.R. Civ. P. 12(b)(2) & 12(b)(5)]**

Pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure, Defendant JD.COM, INC. ("Defendant") moves to dismiss the Complaint of Plaintiff MAX'IS CREATIONS INC. ("Plaintiff") on the grounds that (1) personal jurisdiction over Defendant does not exist in this District and (2) Defendant has not been validly served with process.

**MEMORANDUM OF LAW**

**A. Statement of the Case, Jurisdictional Facts, and Service Facts.**

**1. Plaintiffs' Claims.**

Plaintiff's Complaint [ECF No. 1] asserts six counts arising from the same allegedly wrongful conduct. The conduct complained of is Defendant's allegedly "advertising, offering for sale, selling and/or shipping goods bearing counterfeits and infringements of Plaintiff's licensed intellectual property rights to consumers within the United States and this district through Walmart.com using the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS."

129106322

Complaint, ¶ 63.  Defendant allegedly uses Plaintiff's trademarks (*id.*, ¶ 64) and sells counterfeits of Plaintiff's products (*id.*, ¶ 66) that also infringe Plaintiff's patents (*id.*, ¶ 76) and copyrights (*id.*, ¶ 79).  *See also id.*, ¶¶ 70-98 ("Defendant's Infringing Activities").

Based on these facts, Plaintiff's Complaint asserts Count 1 for Trademark Infringement under 15 U.S.C. § 1114 (*id.*, ¶¶ 99 *et seq.*), Count 2 for False Designation of Origin under 15 U.S.C. § 1125(a) (*id.*, ¶¶ 108 *et seq.*), Count 3 for Common Law Unfair Competition (*id.*, ¶¶ 120 *et seq.*), Count 4 for Common Law Trademark Infringement (*id.*, ¶¶ 127 *et seq.*), Count 5 for Copyright Infringement (*id.*, ¶¶ 133 *et seq.*), and Count 6 for Patent Infringement (*id.*, ¶¶ 148 *et seq.*).  Plaintiff seeks injunctive relief, disgorgement of profits, statutory penalties, a reasonable royalty on Plaintiff's patents, and costs and attorneys' fees.  (*See id.*, pp. 23-28.)

**2.  Plaintiff's Allegations Relating to Personal Jurisdiction.**

The Complaint contains the following allegations that appear to be intended to support Plaintiff's contention that personal jurisdiction over Defendant exists in this district:

- Defendant is a Chinese business entity with an office in California.  (Complaint, ¶ 58.)

- Defendant is engaged in business in Florida but has not appointed an agent for service of process.  (*Id.*, ¶ 59.)

- Defendant has registered, established or purchased, and maintained at Walmart.com, Sellers IDs with the merchant names JOYBUY and JOYBUY EXPRESS.  (*Id.*, ¶ 60.)

- Defendant targets its business activities toward consumers throughout the United States, including within this district, through its commercial operation at

Walmart.com under the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS.  (*Id.*, ¶ 61.)

- Defendant targets its business activities toward consumers throughout the United States, including within this district, through its commercial operation at Walmart.com under the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS.  (*Id.*, ¶ 61.)

- Defendant is the past and present controlling force behind the sale of products bearing counterfeits and infringements of Plaintiff's licensed intellectual property rights as described herein operating and using the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS.  (*Id.*, ¶ 62.)

- Defendant directly engages in unfair competition with Plaintiff by advertising, offering for sale, selling and/or shipping goods bearing counterfeits and infringements of Plaintiff's licensed intellectual property rights to consumers within the United States and this district through Walmart.com using the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS.  (*Id.*, ¶ 63.)

- Defendant "is promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Plaintiff's licensed intellectual property within this district through Walmart online stores under the merchant names JOYBUY and JOYBUY EXPRESS".  (Complaint, p. 1, preface.)

- "Defendant is subject to personal jurisdiction in this district because it purposefully direct [sic] its activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through Walmart online stores at https://www.walmart.com/ ("Walmart.com") accessible in

      Florida and operating under the merchant names JOYBUY and JOYBUY EXPRESS." (*Id.*, ¶ 8.)

- "Defendant is subject to personal jurisdiction in this district because its illegal activities directed towards the State of Florida cause Plaintiff injury in Florida, and Plaintiff's claims arise out of those activities." (*Id.*, ¶ 9.)

- "Alternatively, Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws." (*Id.*, ¶ 10.)

- "Defendant is concurrently conducting and targeting its counterfeiting and infringing activities toward consumers and likely causing unified harm within this district and elsewhere throughout the United States." (*Id.*, ¶ 84.)

      Later in the Complaint, however, Plaintiff acknowledges that its allegations about Defendant's conduct are based on "information and belief": "Defendant is, <u>upon information and belief</u>, [an] alien who is engaged in infringing activities and causing harm within this district by advertising, offering to sell, selling and/or shipping infringing products to consumers into this district." (*Id.*, ¶ 12 (emphasis added).) *See also id.*, ¶ 130 (Defendant, <u>upon information and belief</u>, is promoting, and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements one or more of the MCINC Marks.") (emphasis added).

### 3. Plaintiff's Putative Service of Process on Defendant.

      On or about May 17, 2022, Plaintiff filed its Declaration of Service purporting to show service of the Summons and Complaint on Defendant by substituted service on "CEO: Nani Wang" at 675 E. Middlefield Rd, Mountain View, CA on May 6, 2022. [ECF No. 5 at p. 2.]

4. **Judicially Noticeable Facts about Defendant.**

Since on or about January 30, 2014, Defendant has offered American Depository Shares to U.S. investors. *See* Registration Statement Form F-1 at https://ir.jd.com/static-files/2cfe45c7-dd2d-428e-8538-112524bfda3f, a copy of which is attached as Exhibit B to Defendant's Request for Judicial Notice filed herewith. By virtue of that registration, pursuant to Section 15(d) of the Securities Exchange Act of 1934, as amended (the "Exchange Act"), 15 USCS § 78o, Defendant has become subject to certain ongoing reporting requirements under Section 13(a) of the Exchange Act, 15 USCS § 78m. Failure to make required filings, or filing inaccurate information, would subject Defendant to severe penalties. *See, e.g.,* Section 18 of the Exchange Act, 15 U.S.C. § 78r(a) (imposing liability for false or misleading statements in documents filed with the SEC on any person who makes such false or misleading statements, subject to applicable defenses).

Among the required filings made by Defendant with the U.S. Securities and Exchange Commission ("SEC") is a Form 20-F, the Annual Statement. Defendant's most recent Annual Statement, covering the year ending December 31, 2021, was filed with the SEC on or about April 28, 2022. A copy as downloaded from https://ir.jd.com/static-files/3109abe1-032f-4b47-afae-9cd2ea2585cf is attached as Exhibit A to Defendant's Request for Judicial Notice filed herewith.[1]

Defendant's Annual Statement contains the following facts that contradict Plaintiff's jurisdictional allegations and Declaration of Service:

---

[1] Defendant requests that this Court take judicial notice of the SEC filings attached as Exhibits A and B to the separate Request for Judicial Notice filed herewith, pursuant to F.R. Evid. 201(b). *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (judicial notice under F.R. Evid. 201(b) may be taken of "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.' "

- Defendant is a Cayman Islands holding company with its principal place of business in Beijing, China. (*See* Exhibit A at PDF p. 1.)

- Defendant is a holding company with no operations of its own. (*See* Exhibit A at PDF p. 11.) Because Defendant has no operations of its own, it cannot have engaged in the activity within the United States that Plaintiff alleges it has.

- Nani Wang is not a director or officer of Defendant; Defendant's officers and directors are identified in its SEC filings, and they do not include Nani Wang. (*See* Exhibit A at PDF p. 158.)

**B. Personal Jurisdiction Does Not Exist over Defendant.**

**1. Legal Standard.**

Personal jurisdiction can be "general" or "specific". *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). General or "all-purpose jurisdiction" allows the court to hear "any and all claims" against a defendant "when their affiliations with the State are 'so continuous and systematic' as to render them essentially at home in the forum State." *Id.* (citing *International Shoe*, 326 U.S. 310, 317 (1945)). General jurisdiction is proper in a court located in the same state as (1) the defendant's place of incorporation or (2) its principal place of business. *Daimler AG v. Bauman,* 571 U.S. 117, 118-19 (2014). In contrast, specific jurisdiction limits personal jurisdiction to claims that "arise out of or relate to" Defendant's contacts with the forum. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025 (2021).

In a diversity case, or in a federal question case where the substantive federal statute does not specifically address service of process,

> the Court engages in a two part inquiry. First, the Court must determine whether Florida's long-arm statute is satisfied because the defendant committed one of its enumerated acts that subject a party to jurisdiction within Florida. *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204

6

> (11th Cir. 2015) (quoting Fla. Stat. § 48.193(1)(a)). Second, the Court must determine whether such exercise comports with due process. *Louis Vuitton*, 736 F.3d at 1350. Because the federal statute that forms the basis of jurisdiction here, the Lanham Act, is silent on service of process, under Federal Rule of Civil Procedure 4(e) the Court relies on the long-arm statute to determine jurisdiction. *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626-27 (11th Cir. 1996).

*Honus Wagner Co. v. Luminary Grp. LLC*, No. 17-CV-61317, 2017 WL 6547899, at *7 (S.D. Fla. Dec. 21, 2017).

If Plaintiff establishes that Florida's long-arm statute is satisfied here, the Court must then engage in the following due process analysis:

> In specific personal jurisdiction cases, we apply the three-part due process test, which examines: (1) whether the plaintiff's claims "arise out of or relate to" at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant "purposefully availed" himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's laws; and (3) whether the exercise of personal jurisdiction comports with "traditional notions of fair play and substantial justice."

*Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013).

**2. Burdens of Proof.**

On a motion to dismiss for lack of personal jurisdiction, the burden is on the plaintiff to establish personal jurisdiction over the moving defendant. The quantum of proof necessary to carry that burden depends on whether the District Court elects to hold an immediate evidentiary hearing, which requires Plaintiff to establish personal jurisdiction by a preponderance of the evidence, or instead defer that to trial. In the latter case,

> the district court can wait to impose a preponderance-of-the-evidence standard until trial. If the court chooses this course, then it reviews the motion to dismiss under a prima facie standard. In such a case, the district court decides the motion to dismiss based solely on the complaint and affidavits. The plaintiff meets its burden if it presents enough evidence to withstand a motion for judgment as a matter of law. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). The court accepts as true all unchallenged facts in the plaintiff's complaint, and then considers all affidavit evidence proffered by the parties. To the extent that

> "the plaintiff's complaint and supporting evidence conflict with the
> defendant's affidavits, the court must construe all reasonable inferences in
> favor of the plaintiff." *Diamond Crystal*, 593 F.3d at 1257. Whether the
> plaintiff satisfies the prima facie requirement is a purely legal question; the
> district court does not weigh evidence or make credibility determinations.

*AcryliCon USA, LLC v. Silikal GmbH*, 985 F.3d 1350, 1364–65 (11th Cir. 2021) (footnote omitted).

Where the District Court elects to decide without an evidentiary hearing, the burden of proof shifts as follows:

> The plaintiff bears the initial burden of "alleg[ing] sufficient **facts** to make
> out a prima facie case of jurisdiction" over the nonresident defendant. *Posner
> v. Essex Ins. Co.*, 178 F.3d 1209, 1214 (11th Cir. 1999). If the plaintiff
> sufficiently alleges a prima facie case of jurisdiction, the defendant must raise
> "through affidavits, documents or testimony, a meritorious challenge to
> personal jurisdiction." *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293,
> 1295 (11th Cir. 2009) (quoting *Sculptchair,* 94 F.3d at 627). "If the defendant
> does so, 'the burden shifts to the plaintiff to prove jurisdiction by affidavits,
> testimony or documents.'" *Id.* (quoting *Sculptchair*, 94 F.3d at 627). The
> court must accept the **facts** alleged in the complaint as true to the extent they
> are uncontroverted by the defendant's affidavits. *Madara v. Hall*, 916 F.2d
> 1510, 1514 (11th Cir. 1990). Where the plaintiff's evidence and defendant's
> evidence conflict, all reasonable inferences must be construed in favor of the
> plaintiff. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447
> F.3d 1357, 1360 (11th Cir. 2006).

*Sargeant v. Maroil Trading Inc.*, No. 17-81070-CIV, 2018 WL 3031841, at *2 (S.D. Fla. May 30, 2018) (emphasis added). We put "facts" in bold in the above quote because, "[a]s instructed by *Twombly*[2] and *Iqbal*[3], the Court will first separate the [complaint's] factual assertions from its conclusory statements." *Id.* *Accord, Jose Marrero v. State Farm Fire & Casualty Co.,* No. 3:20-CV-1147-MMH-JBT, 2021 WL 2555438, at *3 (M.D. Fla. May 24, 2021), *report and recommendation adopted sub nom. Marrero v. State Farm Fire & Cas. Co.,* No. 3:20-CV-1147-MMH-JBT, 2021 WL 2551627 (M.D. Fla. June 22, 2021) ("the sparse allegations in the Complaint

---

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

8

pertaining to personal jurisdiction are wholly conclusory and do not satisfy the *Twombly/Iqbal* standard"); *EcoMed, LLC v. Asahi Kasei Med. Co.,* No. 17-61360-CIV, 2018 WL 4194079, at *2 n.2 (S.D. Fla. July 26, 2018), *report and recommendation adopted,* No. 0:17-CV-61360, 2018 WL 4193643 (S.D. Fla. Aug. 14, 2018) (*Twombly* standard applies to personal jurisdiction allegations); *New World Expeditions, LLC v. Occidental Hotels Mgmt., S.A.*, No. 09-20989-CIV, 2009 WL 10668921, at *1 (S.D. Fla. Dec. 9, 2009) (same). For example,

> Conclusory allegations that a party "knew of, condoned, and willfully and maliciously agreed to" take certain actions are "nothing more than a 'formulaic recitation of the elements' " of one or more of the causes of action alleged in the SAC. *See Iqbal,* 556 U.S. at 680-81. Similarly, a summary assertion that parties entered into an unlawful conspiratorial agreement is a " 'legal conclusion' and, as such, [is] not entitled to the assumption of truth." *Id.* at 680 (citing and quoting *Twombly)*. Other portions of the SAC also are mere legal conclusions and speculation about the Defendants' state of mind, without sufficient factual support. *See* ¶ 28 ("Defendants intended for their scheme to result in harm inside Florida"); ¶ 32 ("Hall also knew [Daniel Sargeant], LAIL, and Preston could unlawfully access the HS3 Material"); ¶ 111 ("Upon information and belief, Hall on or about October 28, 2016, and thereafter further publicized the HS3 Material to others within Burford, and to an unknown number of other persons, through electronic and/or other means.").

*Sargeant v. Maroil Trading Inc.,* 2018 WL 3031841 at *5.

3. **Plaintiff's Non-Conclusory Allegations Do Not Establish a Prima Facie Case for Personal Jurisdiction.**

Plaintiff's jurisdictional allegations are almost entirely conclusory. Under the authorities cited above, the conclusory allegations must be ignored. Because the non-conclusory allegations do not support jurisdiction, the inquiry should end there.

9

| Allegation | Fact v Conclusion |
|---|---|
| [1] Defendant is a Chinese business entity [2] with an office in California. (Complaint, ¶ 58.) | [1] is factual although incorrect (Defendant is a Cayman Islands entity).  However, the allegation does not support personal jurisdiction.<br>[2] is factual although incorrect (Defendant has no office in California).  However, the allegation's implication is that Defendant does <u>not</u> have an office in Florida, and thus the allegation does not support jurisdiction. |
| [1] Defendant is engaged in business in Florida [2] but has not appointed an agent for service of process. (*Id*., ¶ 59.) | [1] is a conclusory allegation.  However, it is irrelevant to specific jurisdiction.<br>[2] is factual and undisputed. |
| Defendant targets its business activities toward consumers throughout the United States, including within this district, through its commercial operation at Walmart.com under the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS.  (*Id*., ¶ 61.) | Conclusory allegation with no supporting facts. Absence of supporting facts is emphasized by Plaintiff's later allegations acknowledging that it is pleading similar "facts" on <u>information and belief</u> (*see id.* ¶¶ 12 & 130) <u>and that harm within the District is merely "likely"</u> (*id.,* ¶ 84). |
| Defendant is the past and present controlling force behind the sale of products bearing counterfeits and infringements of Plaintiff's licensed intellectual property rights as described herein operating and using the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS. (*Id*., ¶ 62.) | Conclusory allegation with no supporting facts. Absence of supporting facts is emphasized by Plaintiff's later allegations acknowledging that it is pleading similar "facts" on <u>information and belief</u> (*see id.* ¶¶ 12 & 130). |
| Defendant directly engages in unfair competition with Plaintiff by advertising, offering for sale, selling and/or shipping goods bearing counterfeits and infringements of Plaintiff's licensed intellectual property rights to consumers within the United States and this district through Walmart.com using the Seller IDs with the merchant names JOYBUY and JOYBUY EXPRESS. (*Id.,* ¶ 63.) | Conclusory allegation with no supporting facts. Absence of supporting facts is emphasized by Plaintiff's later allegations acknowledging that it is pleading similar "facts" on <u>information and belief</u> (*see id.* ¶¶ 12 & 130) <u>and that harm within the District is merely "likely"</u> (*id.,* ¶ 84). |
| Defendant "is promoting, selling, offering for sale and distributing goods bearing counterfeits and confusingly similar imitations of Plaintiff's licensed intellectual property within this district through Walmart online stores under the merchant names JOYBUY and JOYBUY EXPRESS". (Complaint, p. 1, preface.) | Conclusory allegation with no supporting facts. Absence of supporting facts is emphasized by Plaintiff's later allegations acknowledging that it is pleading similar "facts" on <u>information and belief</u> (*see id.* ¶¶ 12 & 130) <u>and that harm within the District is merely "likely"</u> (*id.,* ¶ 84). |

10

| Allegation | Fact v Conclusion |
|---|---|
| "Defendant is subject to personal jurisdiction in this district because it purposefully direct [sic] its activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district, through Walmart online stores at https://www.walmart.com/ ("Walmart.com") accessible in Florida and operating under the merchant names JOYBUY and JOYBUY EXPRESS." (*Id.*, ¶ 8.) | Conclusory allegation with no supporting facts. Absence of supporting facts is emphasized by Plaintiff's later allegations acknowledging that it is pleading similar "facts" on information and belief (*see id.* ¶¶ 12 & 130) and that harm within the District is merely "likely" (*id.*, ¶ 84). |
| "Defendant is subject to personal jurisdiction in this district because its illegal activities directed towards the State of Florida cause Plaintiff injury in Florida, and Plaintiff's claims arise out of those activities." (*Id.*, ¶ 9.) | Conclusory allegation with no supporting facts. Absence of supporting facts is emphasized by Plaintiff's later allegations acknowledging that it is pleading similar "facts" on information and belief (*see id.* ¶¶ 12 & 130) and that harm within the District is merely "likely" (*id.*, ¶ 84). |

It is plain that Plaintiff's allegations do not even attempt to establish a case for general jurisdiction: Plaintiff says Defendant is a Chinese business entity and does not allege that its principal place of business is in Florida. On specific jurisdiction, Plaintiff's allegations do not establish a prima facie case of personal jurisdiction, because they are conclusory and must be disregarded.

**4. Even if Plaintiff's Allegations Established a Prima Facie Case for Personal Jurisdiction, Defendant's Evidence Rebuts It.**

If the Court nevertheless accepted Plaintiff's allegations as non-conclusory facts, however, Defendant has rebutted them. Defendant's 2021 Annual Statement filed with the SEC demonstrates that Defendant is a Cayman Islands holding company with no operations of its own. (Exhibit A at PDF pp. 1 & 11.) Because Defendant has no operations of its own, it cannot have engaged in any of the sales activities on which Plaintiff's claims are based. To put it another way, because Defendant has no operations of its own, it cannot have had any contacts with the forum from which Plaintiff's claims arise or to which those claims are related.

11

### 5. Plaintiff's Allegations Do Not Survive Due Process Scrutiny.

In addition, Plaintiff's case for personal jurisdiction cannot pass due process scrutiny. As discussed above, the due process analysis requires Plaintiff to pass three challenges: (1) show that Plaintiff's claims "arise out of or relate to" Defendant's contacts with the forum, (2) show that Defendant "purposefully availed" itself of the privilege of conducting activities within the forum state, and (3) show that the exercise of personal jurisdiction would comport with " 'traditional notions of fair play and substantial justice.' ". *Louis Vuitton*, 736 F.3d at 1355. Plaintiff passes none of these tests.

### a. Relatedness.

Plaintiff's claims do not arise from or relate to Defendant's contacts with the forum. In trying to link Defendant to the forum, Plaintiff's focus is on two circumstances. First, Plaintiff says infringing goods are offered for sale, sold and shipped to "consumers within the United States and this district." (Complaint, ¶ 63.) However, as Defendant's evidence shows, Defendant does not offer for sale, sell or ship <u>anything</u>, <u>anywhere</u>: Defendant is not an operating company, it is a holding company. (Exhibit A at PDF p. 11.)

Second, Plaintiff says Defendant's "illegal activities directed towards the State of Florida cause Plaintiff injury in Florida, and Plaintiff's claims arise out of those activities." (*Id.*, ¶ 9.) Even putting aside that Defendant – not being an operating company -- has no activities of any kind directed toward the State of Florida, there are two reasons why Plaintiff's allegation of Florida injury cannot establish jurisdiction over Defendant. First, assuming for the sake of argument that Plaintiff does suffer injury from the intellectual property infringement it alleges, it does not suffer that injury in Florida. In the Eleventh Circuit, injury from intellectual property infringement is deemed to be felt where the intellectual property owner resides. *See, e.g., Roca Labs, Inc. v. Boogie Media, LLC*, No. 8:12-CV-2231-T-33EAJ, 2013 WL 2025806, at *6 (M.D. Fla. May 14,

12

2013) (alleged trademark infringement occurred where the holder resides); *Carmel & Co. v. Silverfish, LLC*, No. 1:12-CV-21328-KMM, 2013 WL 1177857, at *4 (S.D. Fla. Mar. 21, 2013) ("[T]he injury from trademark infringement occurs in the state where the trademark owner resides." (internal citations and quotation marks omitted)); *Nida Corp. v. Nida*, 118 F. Supp. 2d 1223, 1228 (M.D. Fla. 2000) ("Injury from trademark infringement occurs in the state where the trademark owner resides.") But Plaintiff alleges it is a Massachusetts company with its principal place of business in Massachusetts. (*Id*., ¶ 15.) Since Plaintiff resides in Massachusetts, any infringement injury is felt in Massachusetts, not in Florida.

Second, since the U.S. Supreme Court's restructuring of personal jurisdiction law in 2014 with the *Daimler* and *Walden* cases, it is no longer possible to base personal jurisdiction simply on where the injury is felt. *Walden v. Fiore*, 571 U.S. 277, 285 (2014) held that, to satisfy due process, the personal jurisdiction analysis must focus on the "defendant's contacts with the forum State itself, <u>not the defendant's contacts with persons who reside there</u>." (Emphasis added.)

Accordingly, Plaintiff's allegations do not satisfy the relatedness requirement of due process, and personal jurisdiction cannot be established.

  **b. Purposeful Availment.**

Plaintiff's allegations also do not satisfy the requirement that Defendant have purposefully availed itself of the forum's laws. Again, even putting aside that Defendant – not being an operating company – has done nothing at all in Florida, Plaintiff's own allegations disprove its contention: Plaintiff alleges, in effect, that Defendant has <u>not</u> focused on Florida. Instead, Plaintiff alleges that Defendant has aimed at the entire United States, of which Florida happens to be a part. *See* Complaint at ¶¶ 61 ("Defendant targets its business activities toward consumers throughout the United States, including within this district"); 63 ("Defendant directly engages in unfair competition with Plaintiff by … infringements of Plaintiff's licensed intellectual property rights

13

129106322

to consumers within the United States and this district"); 8 ("Defendant is subject to personal jurisdiction in this district because it purposefully direct [sic] its activities toward and conduct business with consumers throughout the United States, including within the state of Florida and this district").

This does not satisfy the "purposeful availment" requirement of due process. Indeed, "Plaintiff has specifically pled itself out of this [purposeful availment] contention [by] repeatedly stating that Defendants never specifically targeted Florida, but rather the U.S." *Honus Wagner Co.*, 2017 WL 6547899, at *12. Moreover, in *Louis Vuitton*, the Eleventh Circuit cautioned that its holding did not mean that "the mere operation of an interactive website alone gives rise to purposeful availment *anywhere* the website can be accessed," but rather that on the facts before the Court there personal jurisdiction was proper where "in addition to his fully interactive "pendoza.com" website accessible in Florida, [defendant] had other contacts with Florida— through selling and distributing infringing goods through his website to Florida consumers—*and the cause of action here derives directly from those contacts*." 736 F.3d at 1358 (emphasis in original). Plaintiff has no such other contacts on which to rely.

Accordingly, Plaintiff's allegations do not satisfy the "purposeful availment" requirement of due process, and personal jurisdiction cannot be established.

### c. Traditional Notions of Fair Play and Substantial Justice.

Plaintiff also fails the third due process challenge, because exercising personal jurisdiction here would not comport with traditional notions of fair play and substantial justice. In analyzing the fairness element, "[r]elevant factors include the burden on the defendant, the forum's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief and the judicial system's interest in resolving the dispute." *Licciardello v. Lovelady*, 544 F.3d 1280, 1288 (11th Cir. 2008). "[M]inimum requirements inherent in the concept of 'fair play and

substantial justice' may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities." *Burger King*, 471 U.S. at 477-78.

Here, only the third factor (Plaintiff's interests) weighs in Plaintiff's favor. The burden on a Cayman Islands holding company of litigating in the Southern District of Florida is significant. Most importantly, Florida has virtually no interest in litigating a dispute between a Massachusetts trademark owner and a Cayman Islands alleged infringer – there is literally nothing in Plaintiff's Complaint that would suggest Florida would be a more appropriate forum than any other district in the United States. Fair play and substantial justice requires, at a minimum, that the defendant reasonably anticipate being haled into court in the district in which suit is brought – thus, the district should have some reasonable connection to the lawsuit and the defendant. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980) ("the foreseeability that is critical to due process analysis is … the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.")

Since Plaintiff's case has no significant connection with Florida in particular, Defendant could not reasonably have anticipated being haled into court in Florida, and due process forbids the exercise of personal jurisdiction.

6. **The Motion to Dismiss Should Be Granted without Leave to Amend.**

The defects described above cannot be cured by amendment, because Defendant is not an operating company. Its only contacts with the U.S. relate to its sale of American Depositary Shares and its filings with the SEC, and those are neither related to Plaintiff's claims nor Florida-based. Defendant has no contacts with the forum that are related to Plaintiffs' claims, so amendment would be futile. The Complaint should be dismissed without leave to amend.

129106322

### C. Defendant was Not Validly Served with Process.

Plaintiff has the burden of establishing sufficient service of process. *Banco Latino, S.A.C.A. v. Gomez Lopez,* 53 F.Supp.2d 1273, 1277 (S.D.Fla.1999). This includes the burden of proving that the person actually served is a proper person to receive service on behalf of the Defendant. *T & K Capital, LLC v. Lilley Int'l, LLC*, No. 09-82436-CIV, 2010 WL 2044896, at *5 (S.D. Fla. May 24, 2010).

Here, Plaintiff's Declaration of Service claims to have effected substituted service in California on one Nani Wang, whom Plaintiff identifies as Defendant's CEO. *See* ECF No. 5, at p. 2. But Nani Wang is not Defendant's CEO; in fact she is not an officer or director of Defendant at all. *See* Exhibit A at PDF p. 158. Service on her therefore was invalid.

### D. Conclusion.

For the foregoing reasons, Defendant JD.com, Inc. respectfully requests that its motion to dismiss be granted without leave to amend.

**LOCAL RULE 7.1(a)(3) GOOD FAITH CERTIFICATION**

Pursuant to Local Rule 7.1(a)(3), United States District Court for the Southern District of Florida, the undersigned certifies that counsel for Defendant conferred in good faith with counsel for Plaintiff to resolve the issues set forth herein and has been unable to do so.

Respectfully submitted,

Dated: July 12, 2022

*s/ Maria K. Vigilante*
Maria K. Vigilante (Florida Bar No. 98822)
E-mail: Maria.Vigilante@BlankRome.com
**BLANK ROME LLP**
500 East Broward Boulevard, Suite 2100
Fort Lauderdale, Florida 33394
Phone: (954) 512-1809
Fax: (813) 433-5564

Mike Margolis (Admitted *pro hac vice*)

129106322

E-mail: Mike.Margolis@blankrome.com
**BLANK ROME LLP**
2029 Century Park East, Sixth Floor
Los Angeles, CA 90067
Phone: (424) 239-3839

*Counsel for Defendant JD.COM, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and served on July 12, 2022, with the Clerk of Court using CM/ECF to all counsel of record.

*/s/ Maria K. Vigilante*
Maria K. Vigilante
Florida Bar No. 98822

129106322